Good morning, Your Honor. May it please the Court, I would like to reserve five minutes for a rebuttal. You have the clock in front of you. Yes, sir. Okay, thank you. You know, I wondered why I was here on this particular case. This Court issued a certificate of appealability. And what I see as why we're here is, one, when does jeopardy attach on a plea in the federal courts? Mr. Salter, take me through this sort of slowly, would you please? There's no doubt that Mr. Fox was convicted of four counts. Three of stealing school equipment and one of attempting to traffic, right? Yes, sir. There's no doubt that the Arizona State Court in post-conviction remedy proceedings found that there had been ineffective assistance of counsel in failing to tell Mr. Fox when he rejected the proposed plea that the proposed sentences could be consecutive, not concurrent, right? So the sentences were sentenced on at least on the attempting to traffic was stricken, right? But the convictions were not. What in the world do we have to have a change of plea hearing for if the convictions have not been upset? We don't have to have a guilty plea to a finding by a jury that he is guilty, do we? I agree with you, Your Honor, but I think what the court did was, by precedence in Arizona, when he accepted that plea, it set aside, it contemplated that the guilty verdict would be set aside. But he didn't do that.  He simply said, are you ready to plead guilty pursuant to this plea agreement, which the judge, by the way, did not accept, which provided for, I think, three or three and a half years on that count, on the fourth count. That was a presumptive sentence. That was a presumptive sentence. And what he said was, now, mind you, I may sentence you to anywhere from two to eight years. So he was clearly not saying, if you accept, if you plead guilty now, I agree to sentence you to only three years, or three and a half years, and nothing else. So I'm confused. Wasn't there a big mistake here in even considering this to be a change of plea hearing? Well, Judge Browning apparently thought that two to three weeks after he had set the change of plea. As I understand it, I didn't try the case, and I was the second person down here, I think, on appeal. From what I understand, Judge Browning, after having determined that there was ineffective assistance of counsel, said, I'm going to, and prudently, apparently, according to him, he went ahead and said, that's a change of plea out here. You want that change? I'm not so sure. I think what his order was on November 25th, 2005, or 28th, I'm sorry, was simply, I vacate the sentences. He didn't say anything about setting a change of plea hearing. I think that counsel, Mr. Stortz, and the DA, Michelle Araneta, probably didn't catch this, but I think it was pretty clever of defense counsel to style this, characterize it as a change of plea hearing, as if there had been no determination of guilt. So we have to have a guilty plea, right? Well, that wasn't quite right. There were four convictions that had not been upset. The change of plea hearing should have been styled a resentencing hearing, at which the judge could resentence only as to the one count, which had been insufficiently explained to Mr. Fox in jeopardy of leading to a consecutive sentence, which was done. So why here? I will admit that this is a puzzling case. I agree with you. I take the position that there was a factor when the judge decided to maybe inartfully style it, a change of plea. I think if you look at the written plea agreement that my client signed, it says all other counts will be dismissed. And he was a party to a contract, and so was the DA. But where is the signature of the judge? Well, I'm not sure he has to have it. I mean, you do understand the difference between accepting a plea and agreeing to sentence according to the plea agreement suggested sentence. That's true. And, however, in Arizona, if the judge was not going to do that, 26.1 allows him and rule 17 to say I'm going to reserve the right to sentence, change his mind. He did not do that. Well, wait a minute. He said exactly that. He said you realize now that when you're pleading guilty to count number four, I can give you anywhere from two to eight. Right? All right. Now, if the plea agreement says three or three and a half, I can't remember which one. I think that was a presumptive update that he would have gotten. He can vary from the presumptive sentence, can't he? So that means he's not agreeing to the presumptive sentence. Is it your point that by agreeing to accept a guilty plea, he agrees to the presumptive sentence and dismissal of all other counts? No, no, no. I think dismissal of all the counts, but it could have gone anywhere up to eight years. On one count? Yes. On the fourth count? Yes. And that's what I'm, my client says that had it not been for the ineffective assistance of counsel, he would have taken that plea. And I. Well, but he would have taken the plea where all four counts would have been run concurrent. That's what he would have taken. Because he. I don't know if there would have been concurrent. There may have been two counts, and it was in the plea agreement. I don't have it in front of me right now. I don't recall exactly that. But. Remember, the court didn't find that he had been promised a three and a half year sentence. Oh, no, no. The court found that he had been denied effective assistance because counsel didn't tell him that his sentence could be consecutive. So the judge ultimately concluded that what had to be remedied was that portion of the sentence. And as I understand your position in the briefs, the court's decision to take a plea constitutes new jeopardy. As far as I, and clearly in the Arizona State system, when they take the plea, there are two cases, Lombrano and Capas, and also State v. They all say that jeopardy attaches in when he takes that plea, and he cannot on his own change his mind and set it aside. I think we don't have to reach these issues if we determine that the Arizona appellate court misapplied its own law in those two cases. There are three cases that are cited. The Arizona court started out by saying that there was never a plea that was formally accepted. Isn't that a statement by Arizona as to what happened in this case and aren't we bound by it? Isn't that an independent and adequate ground? They said there was no plea, never formally entered. I'm well aware of that. That's what they said. But it seems to me that all of the lacking there was apparently they wanted him to say, are you guilty? And he said yes, and he didn't apparently. Well, you agree there was something lacking. And the Arizona courts tell us that that failure rendered it not a plea at all. That's what they said, but I'm of the opinion. I'm not trying to be disrespectful, but do we really care what our opinions are? I mean, it's a definitive statement by the Arizona courts that there was no plea. Well, I beg to differ with the Arizona courts in that Rule 17, which was applying in the state court, comes from Rule 11 of this Federal Rules of Criminal Procedure. And in my humble opinion, the colloquy that was taking place between Judge Browning and Mr. Fox met all the requirements of Rule 11. And I think with all due respect to the Arizona Court of Appeals, they are hanging their hat on a technicality that probably if you looked out at most of the pleas, sometimes they do forget to ask the defendant himself personally to get up and say, are you guilty? Well, the court did say, you want to waive your right to have a trial, and do you want to accept this plea, Fox? Yes, sir. Right. That's what you would point us to. Yes, and I think that's sufficient to say that he had accepted that plea. What's the Supreme Court case that you think is dispositive in the sense that we're required to find we're required to operate only on the basis of clearly established Federal law? Well, Ohio v. Johnson apparently, while it's not on all fours, seems to be what the attorney general in the state is arguing. And I don't believe that there is one. I think we're treated on all fours. You don't think that there is a Supreme Court statute? Not directly on all fours. Then that ends the game as far as you're concerned, because the statute requires clearly established Federal law, Supreme Court, not us. They don't like us. I understand that. I think if you look at Judge Stevens and Kennedy have suggested that Federal appellate law can be, in their opinion, while they were dissenting opinions, I believe that what, since the Supreme Court has not clearly come down on this issue, is that I think that Patterson 2 is still good law here. So you're claiming that we should be reviewing this under 2241, not 2454? Yes. Okay. I think everyone sees the issue, but I don't know. Your time is sort of running out. Do you want to say something? I'm finished here now. Thank you. Thank you. Good morning. Good morning. Petitio's double jeopardy claim fails on multiple fronts. First, on the issue of attachment, as was discussed, there is no clearly established Federal law that establishes that jeopardy must attach on the trial court's assessment of a guilty plea. To the contrary, the Supreme Court cases indicate otherwise. In Ricketts v. Adamson, the Supreme Court assumed that double jeopardy attached upon sentencing, which never occurred here. And in Ohio v. Johnson, the Court held that a guilty plea to a lesser-included offense does not bar a continuing prosecution on the greater offense within the same proceeding. The various circuit courts have interpreted Johnson to mean that jeopardy does not necessarily attach upon the mere assessment of a guilty plea. And this is for a good reason. This is because a guilty plea is not like a trial for double jeopardy purposes. First, it is not an implied acquittal on the merit. I mean, I'm sorry. It is not an implied acquittal to any offense. Second, the ordeal of guilty plea proceedings is not like that of a trial. And third, a defendant does not have the same expectation of finality or repo from guilty plea proceedings as he does from a trial. And so that is why it is unsurprising that Petitioner cites no Supreme Court case to support his proposition. He cites the United States v. Patterson, but Patterson cites only other federal appeals decisions. And it is established that federal appeals decisions are not clearly established federal law for habeas purposes. Since without any clearly established federal law, there can be no habeas relief does not lie without a violation of clearly established federal law. A basic idea of double jeopardy jurisprudence is that without attachment, there can be no double jeopardy violation. So since Petitioner fails to show any attachment here under clearly established federal law, that alone provides, that alone bars habeas relief. Even if attachment occurs, the Arizona Court of Appeals held that the guilty plea proceeding here was flawed. And that is a state law determination that this Court is without jurisdiction to review. Completely without jurisdiction, what if we were to conclude that it is simply wrong, based on the language that I read earlier, where the Court says you want to accept the plea or the defendant says yes? Well, it seems that the Arizona Court of Appeals expected an affirmative statement by the defendant, a specific oral plea to the amended charge. And it's not present in the record. It's just a lot of a responsive answer by the Petitioner, but no specific oral plea to the amended charge. And the Arizona Court of Appeals viewed it as a basis for finding the plea proceeding flawed. Perhaps more importantly, even if we assume that attachment occurred, there is a single critical driving fact here that negates any claim of double jeopardy, which is, as was discussed, the fact that Petitioner has already been convicted by a jury. The trial court accepted the guilty plea only in post-conviction relief proceedings to remedy a claim of ineffective assistance of counsel based on sentencing misadvice. Counsel, would you explain to me why a change of plea hearing was set at all rather than a simple sentencing hearing? Well, in Arizona, there was a case called State v. Donnell, which held that the trial court had the authority and, when necessary, the trial court had the authority to order the State to re-offer a guilty plea if it found that the defendant rejected the guilty plea based on ineffective assistance of counsel. So that's what the trial court here thought it was doing by following the requirements of Donnell. But there was never an offer of a guilty plea saying to Mr. Fox, you can plead guilty to 15.75 years on the first three counts and guilty on the fourth count for 11.25 years to run concurrent. That agreement had never been offered him. So what does the Arizona case have to do with this proceeding? Oh, well, the original plea offered for him to plead guilty to the attempted trafficking charge, one charge, and in exchange for dismissal of the three other charges. Right. But what I'm saying is he was never offered a guilty plea which ran all four charges concurrent, right? No. No. Right. That's correct. So then the Arizona case that you indicated to me, that he has to be re-offered a guilty plea where there's been ineffective assistance of counsel, had nothing to do with what he was really offered. I'm sorry. The original plea was re-offered under the order of the trial court in post-conviction relief proceeding. Why would they do that? The trial court thought that it was required. It thought it was the way to go. But that's exactly why after it accepted the guilty plea, about two or three weeks later, it decided that it had made a mistake. It had improvidently accepted the plea. And that's why it realized that it could remedy the ineffective assistance claim by merely doing a resentencing. So when the trial court vacated what it later determined was the improvident acceptance of the guilty plea, the vacating of that plea did nothing more than just leave intact the jury's verdict that had already been rendered. So in that sense, this case is controlled by the United States v. Wilson. Wilson held that the double jeopardy clause does not bar the government from appealing a post-verdict, the trial court, a district court grant of a post-verdict motion for a judgment of acquittal. And the reason for this was that if the government prevails on appeal, then the only thing that would — it would not entail any further re-litigation, any further factual finding. The only thing that would happen would be that the jury's verdict would be reinstated. In other words, there was no successive prosecution. And that is exactly — I mean, that's the case here. The language in Wilson is as follows. The error in that case, which was the trial court's erroneous grant of the post-verdict motion for a judgment of acquittal, the reason why the government could appeal that was because that error could be corrected on appeal without subjecting the defendant to a second trial before a second trial or effect. The same thing is here. The vacating of the improvident acceptance of the guilty plea was just a correction that did not — did not subject the defendant to any second trial before any second trial or effect. And finally, this case does not violate any of the core — any core principles to double jeopardy. First, there is no ordeal, expense, or anxiety of a second trial. There is no increased risk of an erroneous conviction. And there is no prosecutorial overreaching. And the defendant's interest in finality is nonexistent or de minimis. For those reasons, there is no double jeopardy violation here, and there is certainly not an unreasonable application of clearly established Federal law. So habeas belief is not justified. Thank you. Thank you. Mr. Salter? Yes. I think you have about two and a half minutes. Yes, Your Honor. This State has offered nothing more than what we already knew, that there is no case out there. There is a split in the circuits. Well, you know, Kerry v. Mousseline says if there's a split in the circuit, that means you can't have clearly established Federal laws determined by the Supreme Court. So what you're telling me is you lose. Well, I would hope that that wouldn't be the situation. How do we get around what you just admitted? Furthermore, the case that the Supreme Court case most clearly on point, Ohio v. Johnson, says that there are three protections that go along with the double jeopardy clause. Protects against a second prosecution for the same offense after acquittal. We don't have that here. It protects against a second prosecution for the same offense after conviction. It protects against multiple punishments for the same offense. And, you know, Judge Justice Rehnquist says at the end that what you don't want to see happen is that the defendant used the double jeopardy clause as a sword to prevent the State from completing its prosecution on the remaining charges. I just don't see how this even comes close to violating Ohio v. Johnson. It seems to fit squarely within that holding. Well, I think Ohio v. Johnson, as I recall, there was a they let stand the most serious charge. And there was a plea to the lesser charges. Right. And what they're saying, and the way I read that and interpreted it was, it said that nothing that prevented the State from trying him on, I think, a second-degree murder. On the increased charge. That's right. But if you read the language, it really takes away your argument that the plea automatically attaches, jeopardy automatically attaches to a plea. It says, no, we have to be more careful and look, analyze it in terms of the protections afforded by the clause, and we don't want to let the clause become a sword rather than a shield. And it seems that's exactly what you're asking us to do. Your client is the one who went into court, says, time out, something bad happened, please fix it. And, sure, the judge seems to have stumbled over his own thinking for a second or two, but then the ship was righted. Well, I think if my client, he does not believe it was righted, because the only thing that would do for him would be to say, okay, now, that was this mistake. The only way you can correct it is to give me the original plea, and that's what I'm asking this court to. Say that again. What are you asking us to order on your behalf? That the case be sent back and order that the judge reinstate the original plea and sentence him on that. My client would be out by now if that happened. Because the top end would be, what, eight years? Yes. And he's already served enough to comply with that. Yes. Okay. Thank you. Thank you. All right. The case of Fox v. Ryan will be submitted. Thank you very much, counsel, for your argument. It was very helpful. And we will go on to the next case, which is Farmer v. McDaniel. Thank you.
judges: Pallmeyer, Trott, Bea